Case 2:15-cv-00345 Document 30 Filed in TXSD on 06/15/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORINA MADRIGAL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 2:15-CV-345 |
| | § | |
| KLEBERG COUNTY and EDWARD | § | |
| MATA, Sheriff of Kleberg County, in his | § | |
| individual capacity, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Alleging that she suffered sex discrimination workplace harassment and retaliation, Plaintiff Corina Madrigal claims that Kleberg County, Texas ("the County") and Edward Mata ("Mata"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1983; and the Equal Protection Clause. *See* Pl.'s Orig. Compl. ¶ 1–6, 14–23, Dkt. No. 1. On May 27, 2016, Plaintiff propounded subpoenas duces tecum commanding Juan Escobar ("Escobar") and Omar Collin ("Collin") to appear for depositions on June 17, 2016. *See* Dkt. No. 26 Ex. A (Escobar); *id.* Ex. B (Collin). Plaintiff's list of documents to be produced includes documents related to any meeting that allegedly occurred in May 2014 between Plaintiff and Myra Morris ("Morris") or Kira Talip ("Talip") as well as documents relating to other meetings between those individuals. Dkt. No. 26 Ex. A at 13; *id.* Ex. B at 13. In May 2014, Escobar served as County Judge of the County and Collin served as the County Attorney. *See* Decl. of Priscilla Cantu ¶ 3, Dkt. No. 26 Ex. C ("Cantu Decl."); County Reply, Dkt. No. 29 at 2.

Citing concerns about the attorney-client privilege and work-product doctrine, the County moves the Court to enter a protective order or modify the subpoenas to allow it to inspect, before production, any documents Escobar and Collin intend to produce and withhold any documents the County deems privileged.

Dkt. No. 26 at 3. Plaintiff responds that the County lacks third-party standing to challenge the subpoenas[1] and, alternatively, that the County has waived the attorney-client privilege and work-product protections. Dkt. No. 28 at 3–5. Finding that the County has third-party standing on this record, the Court grants the motion without reaching the parties' waiver arguments.

The County has demonstrated that it has standing to challenge the subpoenas under rule 45. "For a party to have standing to challenge a subpoena issued to a non-party, the party must either have 'possession of the materials subpoenaed' or a 'personal right or privilege with respect to the materials subpoenaed.'" *Jez v. Dow Chem. Co., Inc.*, 402 F. Supp. 2d 783, 784–85 (S.D. Tex. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Courts have generally found that the attorney-client privilege in subpoenaed materials suffices to confer standing. *See, e.g., id.* at 786 (citing two cases finding party had standing based on attorney-client privilege); *Stogner v. Sturdivant*, No. 10-125-JJB-CN, 2011 WL 4435254, at *6 & n.6 (M.D. La. Sept. 22, 2011) (stating that a third party "may only object to a Rule 45 subpoena directed to a non-party on the basis of some personal right or privilege that she has in the requested records, such as the attorney-client privilege or healthcare privacy privilege"). Plaintiff asserts that Escobar and Collin, not the County, were clients of Morris and Talip in May 2014. Resp. Mot. Protective Order 4, Dkt. No. 28. No evidence is cited to establish Plaintiff's assertion, however. *See id.* Plaintiff does not dispute that Morris and Talip represented the County in May 2014; nor does Plaintiff dispute that she is requesting communications to county officials that facially concern acts and communications during the course of their representation of the County.[2] *See*

---

[1] The Court directed the parties to address the question of third-party standing in its order expediting the deadlines for responding and replying to the instant motion. Dkt. No. 27 at 1.

[2] Plaintiff's complaint, Dkt. No. 1, tends to can be reasonably read as corroborating these statements. Plaintiff pleads that she met at an unspecified time with Collin who was then the County Attorney, about her complaints, and Collins created a video recording of the meeting. *Id.* ¶ 19. Plaintiff also allegedly met, apparently about the same subject, on a different, unspecified date with Talip, whom Plaintiff describes as Collins's successor in office. *Id.* ¶ 20.

Cantu Decl. ¶ 3. Accordingly, the County has made a prima facie showing that it may have a protected interest in one or more documents requested in the subpoenas. *See, e.g.*, *AHF Cmty. Dev., LLC v. City of Dallas*, 258 F.R.D. 143, 146 (N.D. Tex. 2009) (holding some communications between attorney representing city and city employees protected by privilege and concluding that privilege belonged to city based on rule that "[t]he attorney-client privilege applies not only to communications with outside counsel but also to communications between a client corporation and its inside Counsel." (citing *United States v. Mobil Corp.*, 149 F.R.D. 533, 537 (N.D. Tex. 1993))). Plaintiff contends the County has waived any attorney-client or work-product protections, but courts have denied third-party motions to quash a subpoena based on waiver of the attorney-client privilege after first finding third-party standing. *E.g., Stogner*, 2011 WL 4435254, at *6 (finding third-party standing and then denying motion to quash because party who filed motion to quash waived the privilege); *but see Weatherly v. State Farm Fire and Cas. Ins. Co.*, No. 07-4371-EEF-SS, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (analyzing waiver of attorney-client and work-product protections to deny motion to quash for lack of standing). That is, waiver of a privilege under its substantive rules does not necessarily vitiate third-party standing to challenge a subpoena based on that privilege; rather, a finding of waiver can result in denial of the motion to quash on the merits. *See Stogner*, 2011 WL 4435254, at *6. In light of the contingent nature of the waiver issue and other merits issues discussed in the next paragraph, The Court, therefore, concludes that the County has adequately demonstrated that it has third-party standing to move to challenge the subpoenas insofar as they seek communications between Escobar and Collin, on the one hand, and Morris and Talip, on the other, about meetings in or before May 2014 with Plaintiff concerning her sex-discrimination complaints made the subject matter of this litigation.

On this record, however, addressing the parties' privilege and work-product arguments would be premature. *See Camsoft Data Sys. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 336 (5th Cir. 2014) ("[I]t is well settled that the federal courts have no

jurisdiction over claims that 'rest[ ] upon contingent future events that may not occur as anticipated, or indeed may not occur at all.' " (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (second alteration in original)).  When a timely motion is filed, this Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).  The County represents in the instant motion that it "does not believe that either witness has documents responsive to the subpoenas." Dkt. No. 26 at 1.  They make a similar representation in their reply.  Dkt. No. 29 at 3 ("[I]t is unclear what, if anything, Mr. Collin and Mr. Escobar would produce . . . .").  Indeed, Defendants facially seek only an order allowing them to inspect any responsive documents.  Mot. Protective Order 2–3, Dkt. No. 26.  The question whether the County has waived any privilege or protection it may have depends on Escobar and Collin producing responsive documents the County in good faith represents they likely do not have.  "[B]ecause the court is uncertain what protection will be claimed and with respect to what documents[, t]he court will not engage in hypothetical decisionmaking about documents that may need to be reviewed in camera."  *Williams v. City of Dallas*, 178 F.R.D. 103, 115 (N.D. Tex. 1998) (citing *RTC v. Bright*, 157 F.R.D. 397, 401 (N.D. Tex. 1994)) (declining to reach hypothetical claims of privilege for the reason stated).

Without reaching the merits of the parties' privilege arguments, the Court adopts a modified version of the procedure proposed by the County to ensure the orderly assertion of any claims of privilege or work-product protection.  Under Rule 26(c)(1)(H), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."  For the reasons already given, the Court finds that good cause exists to protect the County from the undue burden of the potential disclosure of documents protected by the attorney-client privilege or work-product doctrine.

Accordingly, the Court **GRANTS** Defendants' motion to quash or for a protective order, Dkt. No. 26, and **ORDERS** as follows:

1. Instead of producing to Plaintiff the documents requested in her subpoenas to appear on June 17, 2016, Dkt. No. 26 Exs. A & B, Escobar and Collin must bring any responsive documents in a sealed envelope with them when appearing for their depositions;

2. The County may open the envelopes and inspect the documents therein;

3. Immediately upon receiving an envelope from Escobar or Collin in accordance with paragraph one and, if practicable, before any deposition commences on June 17, 2016, counsel for the County must review the documents and make a good-faith effort to identify any documents that the County does not claim are protected by the attorney-client privilege or work-product doctrine. Any document the County does not claim is privileged or protected must be immediately produced to Plaintiff, so the document may be available during the depositions;

4. If the County claims any document is protected and withholds it on that ground, the County must serve Plaintiff with a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5) by and including June 24, 2016. Failure to timely serve a privilege log may be deemed waiver of any privilege or protection.

SIGNED this 15th day of June, 2016.

                                        Hilda G. Tagle
                                        Senior United States District Judge