United States District Court
Southern District of Texas

**ENTERED**

September 06, 2016

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CORINA MADRIGAL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL NO. 2:15-CV-345** |
| | § | |
| **KLEBERG COUNTY and EDWARD** | § | |
| **MATA, SHERIFF OF KLEBERG** | § | |
| **COUNTY, in his individual capacity,** | § | |
| | § | |
| **Defendants.** | § | |

### <u>MEMORANDUM AND ORDER</u>

Plaintiff Corina Madrigal ("Madrigal") brings claims under Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000e *et seq*.; 42 U.S.C. § 1983; and the Equal Protection Clause. *See* Pl.'s Orig. Compl. ¶¶ 1–6, 14–23, Dkt. No. 1. She names as defendants Kleberg County, Texas ("the County") and its sheriff, Edward Mata ("Mata"); Madrigal brings at least some of her claims against Mata in his individual capacity, including claims under Texas law for assault, battery, and intentional infliction of emotional distress. *See* Compl. ¶¶ 4–5, 50, 61–68. In her live complaint, Madrigal alleges that Mata sexually harassed her and that Defendants subsequently retaliated against her for complaining to other County employees and filing a complaint of discrimination with the Equal Employment Opportunity Commission, culminating in her constructive discharge. *See* Compl. ¶¶ 13–24, 50.

The Court has before it Madrigal's motion for leave to file an amended complaint, Dkt. No. 18, and Defendants' motion for leave to file a surreply to that motion, Dkt. No. 24. Madrigal seeks to amend her complaint to add retaliation allegations premised on Defendants' changing her work schedule and the assertion that Mata filed a defamation suit against her in the 105th Judicial District Court of Kleberg County, Texas, on May 27, 2015. *See* Dkt. No. 18 ¶ 2; Proposed Am. Compl. ¶ 27, Dkt. No. 18 Ex. A. Madrigal also proposes to allege that Mata voluntarily

dismissed his defamation action.  Dkt. No. 18 ¶ 2; Proposed Am. Compl. ¶ 28 (omitting date on which defamation action was dismissed).[1]  The County responds that adding the proposed allegations about Mata's defamation action would be futile.  Based on Fifth Circuit precedent that continues to bind this Court in the wake of a subsequent Supreme Court decision, the Court denies Madrigal's motion for leave to amend in part.  *See Hernandez v. Crawford Building Material Co.*, 323 F.3d 528, 532–33 (5th Cir. 2003) (per curiam).

## I.    Legal Standard

Because Madrigal filed her motion to amend before the deadline to amend pleadings set in the scheduling order, Federal Rule of Civil Procedure 15(a)(2) governs her motion.  Rule 15(a)(2) provides that, with exceptions not facially applicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  A district court "properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citing *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270–71 (5th Cir. 2010); *see Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) ("Absent such factors, 'the leave sought should, as the rules require, be 'freely given.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Defendants assert that amending the complaint as Madrigal proposes would be partially futile.  A proposed "amendment is futile if it would fail to survive a Rule 12(b)6) Motion" to dismiss for failure to state a claim upon which relief can be granted. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir.2003)); *accord Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465,

---

[1]      A footnote in the response to the instant motion states that Mata filed a motion to nonsuit his defamation action on July 13, 2015, which was granted on August 3, 2015.  Dkt. No. 19 at 3 n.1.

468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." (citing *Briggs*, 331 F.3d at 508)).   Accordingly, the Court analyzes Madrigal's proposed amended complaint "under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'"  *Marucci Sports*, 751 F.3d at 378 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also, e.g.*, *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 263 (5th Cir. 2014) ("Rule 12(b)(6) does not require the [plaintiff] to present its best case or even a particularly good case, only to state a plausible case."); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010. "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bollinger Shipyards*, *Inc.*, 775 F.3d at 260.  The requirement that the claim be plausible on its face "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).   Put another way, "the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes*, 624 F.3d at 210 (brackets omitted) (quoting *Twombly*, 550 U.S. at 555).  The Supreme Court has opined that the well-worn maxim that a complaint must not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ." *Twombly*, 550 U.S. at 563.

When performing a Rule 12(b)(6) analysis, all well-pleaded facts in the complaint must be accepted as true, and the complaint must be construed in the light most favorable to the plaintiff.  *S.E.C. v. Cuban*, 620 F.3d 551, 553 (5th Cir.

2010); *In re Great Lakes*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).   Nonetheless, "conclusory allegations, unwarranted factual inferences, [and] legal conclusions" need not be accepted as true.   *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); *accord Iqbal*, 556 U.S. at 662; *In re Great Lakes*, 624 F.3d at 210.   The plausibility standard, however, is not a "license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial."   *Bollinger Shipyards, Inc.*, 775 F.3d at 260 (quoting *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011)).

## II.   Analysis

To make out a Title VII retaliation claim, Madrigal must show: (1) she participated in protected activity; (2) her employer took an adverse employment action against her; and (3) her participation in the protected activity caused the adverse employment action.   *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008)) (listing elements of prima facie case).   The Supreme Court has held that Title VII's "antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm."   *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006).   The employee in *Robinson v. Shell Oil*, for instance, alleged that his former employer retaliated against him by giving a negative reference to another employer to which he had applied.   519 U.S. 337, 339 (1997).   Reasoning that it "would undermine the effectiveness of Title VII by allowing the threat of postemployment retaliation to deter victims of discrimination from complaining to the EEOC, and would provide a perverse incentive for employers to fire employees who might bring Title VII claims," *id.* at 347. The Supreme Court decided that Title VII's antiretaliation provision applied to former employees like the plaintiff, *id.* at 347–48.

The County gives three reasons why it believes adding Madrigal's proposed retaliation claims would be futile.  *See* Dkt. No. 19 at 2–4.  First, the County contends that Madrigal does not allege that she suffered any damages, especially given her allegation that Mata voluntarily dismissed the defamation action.  *Id.* at 4.  Second, the County maintains that filing a defamation action is not an adverse employment action under controlling Fifth Circuit law.  *Id.* at 3.  Because the Court finds the County's second contention dispositive, it does not reach the third.

## A.  Madrigal's Proposed Complaint States A Claim For Nominal Damages

The County argues that Madrigal's proposed amended complaint fails to allege plausibly that Mata's filing of the defamation suit caused her any damages. *See* Dkt. No. 19 at 3–4.  The County's response asserts that Madrigal did not make an appearance in the defamation action during its pendency.  Dkt. No. 19 at 3. Madrigal's proposed complaint alleges that Mata filed the defamation action and subsequently dismissed it voluntarily.  Dkt. No. 19 Ex. A ¶¶ 27–28.  Thus, regardless of Madrigal's allegations that she experienced mental anguish as a result of Mata's conduct, *see* Proposed Am. Compl. ¶ 38, determining how, if at all, Madrigal participated in the defamation action would require the Court to go beyond the four corners of the proposed complaint and transform its Rule 12(b)(6) analysis into a summary-judgment proceeding.  *See* Fed. R. Civ. P. 12(d).

Furthermore, the County overlooks the availability of nominal damages for retaliation.  "To recover more than nominal damages for emotional harm, a plaintiff must provide proof of actual injury resulting from the harassment."  *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) (emphasis added) (citing *Brady v. Fort Bend Cty.*, 145 F.3d 691, 718 (5th Cir.1998)) (other citation omitted).  Under this standard, "[t]o demonstrate an actual, or 'specific discernable,' injury, '[t]he existence, nature, and severity of emotional harm' must be proved." *Id.* (citing *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996)). At the trial stage, nominal damages may be awarded even where "there is no

evidence in the record focusing on the existence of actual injury during the [applicable] time period." *Flowers*, 247 F.3d at 239 (reversing for this reason and remanding with directions to enter judgment for nominal damages on retaliation claim). The Supreme Court has explained the rationale for the availability of nominal damages:

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

*Carey v. Piphus*, 435 U.S. 247, 266 (1978) (footnotes omitted). The Fifth Circuit has recognized the importance of the rights protected by the antiretaliation provision of Title VII and cognate provisions of other civil-rights statutes. *See Flowers*, 247 F.3d at 231, 238 (awarding nominal damages on retaliation claim brought under the Americans with Disabilities Act); *Brady*, 145 F.3d at 718–20 (affirming grant of judgment as a matter of law because trial testimony did not prove mental-anguish damages with the requisite specificity); *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 939–41 (5th Cir. 1996) (discussing and applying same standard to require award of nominal damages for emotional distress on Title VII retaliatory-discharge claim); *Johnson v. Watkins*, 803 F. Supp. 2d 561, 575–76 (S.D. Miss. 2011) (awarding nominal damages on Title VII retaliation claims because the plaintiff "failed to prove injury caused by retaliation"). Therefore, Madrigal's proposed allegations that she experienced mental anguish as a result of Mata's suing her for defamation states, at a minimum, a claim for an award of nominal damages when read in context. *See* Proposed Am. Compl. ¶ 39.

### B.     Under Binding Fifth Circuit Precedent, Filing a Defamation Action Is Not An Adverse Employment Action.

The County cites the Fifth Circuit's decision in *Hernandez v. Crawford Building Material Co.,* 321 F.3d 528 (5th Cir. 2003) (per curiam) for the proposition that the filing of a defamation suit is not an adverse employment action.   The plaintiff in *Hernandez* sued under, inter alia, Title VII, and his employer pleaded a counterclaim for theft in its answer.   *Hernandez*, 321 F.3d at 529.   The employee supplemented his complaint to bring a retaliation claim based on the filing of the employer's counterclaim.   *See id.* at 529–30.   The Fifth Circuit reasoned "that '[i]t is not obvious that counterclaims or lawsuits filed against a Title VII plaintiff ought to be cognizable as retaliatory conduct under Title VII.   After all, companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis.'"   *Id.* at 532 (quoting *Scrivner v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 972 (5th Cir. 1999)).   Accordingly, the Hernandez court ruled that "[g]iven [its] strict interpretation of retaliation claims, an employer's filing of a counterclaim cannot support a retaliation claim in the Fifth Circuit." *Hernandez*, 321 F.3d at 532–33.   In reaching its conclusion, the Fifth Circuit relied on *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997), which adopted an "ultimate employment decision" standard for identifying an adverse employment action in a retaliation case.   *See Hernandez*, 321 at 531 ("In the Fifth Circuit, only an 'ultimate employment decision' by an employer can form the basis for liability for retaliation under Title VII." (citing *Mattern*, 104 F.3d at 705)).

Plaintiff argues that *Hernandez* does not control here because the Supreme Court overruled *Mattern* in *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, (2006).   As Madrigal points out, the opinion in Burlington Northern expressly rejected the "ultimate employment decision" test, citing *Mattern* among other cases. 548 U.S. 60, 66.  After Burlington Northern,

> [a]n "adverse employment action," for the second prong, in a retaliation claim only, is not limited to the Fifth Circuit's previous "ultimate employment decision" standard for discrimination claims under the statute. The Supreme Court has held that "the standard for

retaliation is broader than for discrimination" in that such actions are not limited to tangible employment actions. For purposes of a retaliation claim, an adverse employment action is one that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 68, (2006). S*ee also McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (same) (quoting *Burlington N.*, 548 U.S. at 68). "The purpose of this objective standard is 'to separate significant from trivial harms' and 'filter out complaints attacking the ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes, and occasional teasing.'" *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 331 (5th Cir. 2009), citing *Burlington N.*, 548 U.S. at 68.

*Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 862–63 (S.D. Tex. 2010) (alterations in original).

Madrigal posits that the allegations in her proposed complaint concerning Mata's filing of a defamation suit, when viewed in the light most favorable to her, satisfy Burlington Northern's objective test.  Again, Burlington Northern requires the Court to ask whether "a reasonable employee would have found the challenged action," here the alleged filing of a defamation action, "materially adverse, 'which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Burlington N.*, 548 U.S. at 68 (citing *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).  The material-adversity standard exists to "separate significant from trivial harms," by identifying "those petty slights or minor annoyances that often take place at work and that all employees experience" but that do not "interfere[ ] with [an employee's] 'unfettered access' to Title VII's remedial mechanisms."  *Id.* (citation for second quotation omitted and quoting *Robinson*, 519 U.S. at 346, in third quotation) (stating that "normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence"); *see, e.g.*, *Peace v. Harvey*, 207 F. App'x 366, 368–69 (5th Cir. 2006) (per curiam, unpublished) (emphasizing the distinction drawn in Burlington Northern to conclude that certain incidents were too "trivial" to meet the Burlington Northern standard).

The parties' arguments necessarily present the question of whether *Hernandez* dictates the outcome here after *Burlington Northern* or whether, as Plaintiff would have it, this Court may apply the objective test as though *Hernandez* had never been decided.  "It is well-settled law that 'if a precedent . . . has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower court] should follow the case which directly controls, leaving to [the binding authority] the prerogative of overruling its own decisions."  *Does 1–7 v. Round Rock Indep. Sch. Dist.*, 540 F.  Supp. 2d 735, 749 (W.D. Tex. 2007) (quoting *Agostini v. Felton*, 521 U.S. 203 (1997))); *see United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999)).  That rule coexists with the "equally well-settled [proposition] that a district court may recognize when a precedent has been 'explicitly or implicitly overruled by a subsequent Supreme Court decision.'"  *Does 1–7*, 540 F. Supp. 2d at 739 (quoting *Enriquez v. Union Pac. R.R.*, No. 5:03–CV–174, 2004 U.S. Dist. LEXIS 28989, 35–36 (E.D. Tex. Jan. 30, 2004)).  To decide which rule applies, "the question to ask is whether the holding (not the rationale) of the Supreme Court can be squared with the holding (not the rationale) of the Court of Appeals."  *Id.* (quoting *EEOC v. Sidley Austin Brown & Wood*, 406 F. Supp. 2d 991, 996 (N.D. Ill. 2005)); *see Short*, 181 F.3d at 625 (conducting substantively the same analysis to conclude that intervening Supreme court decision did not alter prior, binding Fifth Circuit precedent).

Because cases considering the question have treated *Burlington Northern* as undermining *Hernandez*'s rationale rather than its holding, *Hernandez* controls here.  In at least one unpublished decision, the Fifth Circuit stated that *Burlington Northern* affected the rationale of *Hernandez*, not that *Hernandez* has been overruled.  *See Peace v. Harvey*, 207 F. App'x 366, 368 (5th Cir. 2006) (per curiam, unpublished) (citing *Hernandez* and stating that *Burlington Northern* "altered the 'adverse employment action' standard for retaliation claims").  In a similar vein, district courts in the Fifth Circuit have described *Burlington Northern* as abrogating *Hernandez* rather than overruling it.  *See Nkemakolam v. Northside Indep. Sch. Dist.*, No. 5:15–CV–99–DAE, 2015 WL 3651546, at *4 (W.D. Tex. June

11, 2015) (citing *Burlington Northern* as related authority abrogating *Hernandez* on other grounds); Steward v. Gonzales, Civil Action No. 03-1962, 2007 WL 647003, at *16 n.42 (E.D. La. Feb. 28, 2007) (quoting *Hernandez*'s ultimate-employment-action standard, stating that *Burlington Northern* rejected it, but standing silent on whether *Hernandez*'s holding was overruled); *Obester v. Lucas Assocs.*, Civil Action File No. 1:08–CV–03491–MHS–AJB, 2010 WL 8292401, at *22 (N.D. Ga. Aug. 2, 2010) (noting that *Hernandez* was decided before *Burlington Northern* and "[n]evertheless . . . address[ing]  [the employer]'s counterclaim" as a retaliatory action).  These courts' treatment of *Hernandez* as abrogated rather than overruled accords with reading *Hernandez* as resting on two rationales: one founded on the ultimate-employment-decision standard of *Mattern* and the separate proposition that "companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis." *Hernandez*, 332 F.3d at 532 (quoting *Scrivner v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 972 (5th Cir. 1999)).  As *Burlington Northern* affects only one of those rationales, *Hernandez*'s holding that filing a counterclaim is not an adverse employment action remains precedent this Court is bound to follow.  *See id.* at 332–33.  This Court will not trench upon the prerogatives of a higher court.  *See Short*, 181 F.3d at 623–24 (applying binding Fifth Circuit precedent because subsequently decided Supreme Court case "raises the question of whether this Circuit's precedent . . . still stands" but "did not decide the issue"); *Does 1–7*, 540 F. Supp. 2d at 749 ("even if this Court is certain the Fifth Circuit will declare Clear Creek  no longer good law at the first opportunity [in light of a subsequent Supreme Court decision], this Court cannot put those words in the panel's mouth.").

## III.   Conclusion

Because *Hernandez*'s holding remains binding, the Court **GRANTS IN PART** and **DENIES IN PART** Madrigal's motion for leave to file an amended complaint, Dkt. No. 18.  The Court grants Madrigal leave to amend her complaint as she proposes, Dkt. No. 18 Ex. A, within 14 days after the entry of this order,

except that Madrigal may not add her proposed allegations that Mata filed a defamation suit against her, *see id.* ¶¶ 27–28.  The Court **DENIES** the County's motion for leave to file a surreply, Dkt. No. 24, **AS MOOT** because her proposed surreply concerns the argument about Mata's authority to bind the County the Court does not reach.

It is so **ORDERED**.

SIGNED this 6th day of September, 2016.

Hilda G. Tagle
Senior United States District Judge